No. 357

SATER, Trustee, v. Y. M. C. A.

Ohio Appeals, 2nd Dist., Franklin County

No. 1166. Decided Feb. 28, 1924

1271. WILLS—Rule of Construction.

ALLREAD, J.                 Epitomized Opinion

Published Only in Ohio Law Abstract

This case involves the construction of the will of Mary J. Sessions, deceased. Certain property had been devised to John E. Sater, as trustee. The trustee was to receive and collect the rents, profits, etc., and after paying the expenses of the trust was to pay one-half of the net income to one Helen Metcalf in quarterly installments during the full term of her life. The other one-half of the net income

was to be paid, share and share alige, in equal installments, to Juliet Sessions, Elizabeth Sessions and Harriet Sessions, during the life of Helen Metcalf, and at her death the premises devised in trust were to be conveyed in fee to said Juliet, Elizabeth and Harriet.

The will further provided that:

"In the event said Helen Metcalf should survive any of the three (3) beneficiaries named in this item of my will, who, at the time of her death, should leave no lawful issue surviving her, it is my will and I hereby direct that the survivors or survivor, as the case may be, of said three (3) beneficiaries, shall have and receive such portion of the rents and profits hereinbefore provided, and such portion of the real estate as would have been received but for the death of such other beneficiary or beneficiaries, as the case may be."

The three beneficiaries here referred to were Juliet, Elizabeth and Harriet Sessions. All of the beneficiaries survived the testatrix. Harriet Sessions died without issue, after the death of the testatrix, and the question involved is, who is entitled to the interest of Harriet Sessions? Held:

1. The complete disposal of the property involved in the trust was intended.

2. The testatrix was considering the possibility of the death, without issue, of one or perhaps two of the three beneficiaries named, that is Juliet, Elizabeth and Harriet Sessions, and it follows, with reasonable certainty, that she intended to provide for the portion of the deceased beneficiary or beneficiaries in such contingency.

3. This construction would require one-half of the net income of the property in trust from the date of the death of Harriet Sessions to be paid to the survivors, Juliet and Elizabeth Sessions.

Attorneys—Vorys, Sater, Seymour & Pease, for Juliet and Elizabeth Sessions; C. A. McCleary, Henry A. Williams, Morton, Irving & Blanchard, Booth, Keating, Pomerene & Boulger, for the residuary devisee, all of Columbus.

---

## ATTORNEY GENERAL'S OPINIONS
### No. 358
In Re POWERS OF COUNCIL
No. 1150. Dated Jan. 26, 1924

797. MUNICIPAL CORPORATIONS—Village council may employ counsel to serve during remainder and extending beyond term of members.

C. C" CRABBE, Atty Gen.

On January 2, 1923, Council of the village of Millford employed legal counsel for a period of two (2) years, ending December 31, 1924.